**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **FNU SAHIL,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-26-1080-R** |
| | ) |
| **MARKWAYNE MULLIN, et al.,** | ) |
| | ) |
| **Respondents.**[1] | ) |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner FNU Sahil, a noncitizen[2] and Indian national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 7, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time.

---

[1] Chris Gantt was announced as Warden of Cimarron Correctional Facility in May 2026. He replaces Scarlet Grant and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

[2] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.    <u>Background</u>

Petitioner, a citizen of India, entered the United States on January 30, 2024, without inspection or parole.  Pet. at 6.  Shortly thereafter, the undersigned presumes ICE encountered Petitioner and placed him into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, charging him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Pet. at 6 (alleging Petitioner was taken into immigration custody and subsequently released).  At some point thereafter, Petitioner was released from ICE custody under 8 U.S.C. § 1226 on his own recognizance.  Pet. at 6. Petitioner alleges he has not violated any terms of his release.  *Id*. at 7.  After his release from ICE custody, Petitioner filed an Application for Asylum and for Withholding of Removal.  *Id*. at 6.

On April 15, 2026, ICE re-detained Petitioner after taking custody of him from Oklahoma Highway Patrol.  *Id*. at 7.  Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Resp. at 1.  Petitioner did not request a bond hearing before an Immigration Judge ("IJ").  Pet. at 5, 7.  However, such a request would have been futile because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 3.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 9, 2026).

**II.     Petitioner's Claims**

Petitioner asserts three counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").**  Petitioner alleges his continued detention under 8 U.S.C. § 1225(b)(2) violates the INA because that provision does not apply to those like him who were previously released under § 1226(a).  Pet. at 8-9.

- **Count II: Violation of Due Process.**   Petitioner alleges his detention without an individualized showing that he presents a danger or flight risk violates his right to due process.  *Id*. at 9-10.

- **Count III:   Violation of the Administrative Procedures Act ("APA").**  Petitioner alleges his detention violates the APA because Respondents' application of § 1225(b)(2) to those like him, who were previously released under § 1226(a), exceeds statutory authority, is not in accordance with law, and is arbitrary and capricious.  Pet. at 11-13.

He asks the Court to "issue a Writ of Habeas Corpus requiring that Respondents release Petitioner under the terms of his prior release or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five days."  Pet. at 13 (citation modified).  Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").  *Id.* at 14.

**III.    Standard of Review**

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

3

## IV. <u>Analysis</u>

### A. **Section 1226(a) applies to Petitioner's detention.**

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted," applicants for admission "shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner argues § 1226(a) should govern his detention. Pet. at 9. He further asserts his continued detention under § 1225(b)(2) violates the INA because that provision does not apply to those like him who were previously released under § 1226(a). Pet. at 8-9. Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A). Resp. at 1-2.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, --- F.4th ---, No. 26-6019, 2026 WL 1876709, at *4-17 (10th Cir. June 30, 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those

4

who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at *7 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *5. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Bohorquez Bravo v. Lyons*, No. CIV-26-912-R, 2026 WL 1896141, at *1 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[3]

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 2026 WL 1876709, at *6 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

---

[3] This conclusion is also in accord with persuasive authority in the Second, Sixth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a cert petition to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026).

Accordingly, the Court should apply § 1226(a) to govern Petitioner's detention.

**B.    The proper remedy is a bond hearing.**

Petitioner requests the Court order that "Respondents release Petitioner under the terms of his prior release or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five days." Pet. at 13. A bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 2026 WL 1876709 at *17 n.13; *see also Bohorquez Bravo*, 2026 WL 1896141, at *1 (citing *Santillan Quiroz* and concluding "the appropriate remedy is a bond hearing"); *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests his immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy."). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.[4]

---

[4] In some cases, Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked in the absence of changed circumstances or proper procedures. *See, e.g., Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's immediate release and stating "while the Attorney General has authority to revoke bond at any time under 8 U.S.C. § 1226(b), if an immigration judge has determined the noncitizen should be released, the DHS may not re-arrest that noncitizen absent a change of circumstance") (citation modified). However, Petitioner has not alleged or provided evidence that the circumstances of his re-detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-

**C.    The Court should decline to address Petitioner's due process and APA claims.**

Petitioner also argues his continued detention without a bond hearing violates his rights to due process and the APA.  Pet. at 9-13.  If the Court grants Petitioner relief with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's due process and APA claims based on his continued detention.  *See, e.g.*, *Valdez,* 2025 WL 3709021, at *3 n.2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).[5]

**V.    Recommendation and Notice of Right to Object**

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a

---

26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (finding petitioner is entitled to a bond hearing but not release because he "has not provided the Court with evidence of his prior Order of Release or its terms, nor has Petitioner supported his requested form of relief with legal authority").  Accordingly, the undersigned concludes Petitioner is entitled only to a bond hearing and not release.

[5] Magistrate Judges in this District, including the undersigned, have previously addressed whether detention of a similarly situated petitioner violates due process when a petitioner raises such a claim and seeks a different form of relief (such as burden shifting) with a due process claim.  However, Judges in this District, including this Court, have declined to order burden shifting.  *See Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (denying petitioner's request for burden shifting, and holding "although petitioner is entitled to a bond hearing under § 1226(a), the Court declines to specify or alter the burden of proof at this stage") (citation modified); *see also, e.g., Singh v. Mullin*, No. CIV-26-712-HE, Order, Doc. 13 at 2-7 (W.D. Okla. June 18, 2026) (same); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (same); *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (same).  Accordingly, the undersigned does not recommend burden shifting in this case.

bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **July 16, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **July 21, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 9th day of July, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE