**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **FNU SAHIL,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )    **Case No. CIV-26-1080-R** |
| | ) |
| **MARKWAYNE MULLIN, et al.,** | ) |
| | ) |
| **Respondents.** | |

**ORDER**

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement. Before the Court is the Report and Recommendation of United States Magistrate Judge Chris M. Stephens [Doc. No. 11] recommending that the Petition be granted in part and Respondents ordered to provide Petitioner a bond hearing under 8 U.S.C. § 1226. Respondents filed a timely Objection [Doc. No. 12] asserting that relief should be limited to a bond hearing and Petitioner filed a timely Objection [Doc. No. 13] asserting that the appropriate remedy is the restoration of his prior release.

Upon de novo review, the Court agrees with Judge Stephens that a prompt, individualized bond hearing is the appropriate remedy. *See Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 (10th Cir. June 30, 2026) ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").

Accordingly, the Report and Recommendation [Doc. No. 11] is ADOPTED. For the reasons stated therein, the Petition for Writ of Habeas Corpus is GRANTED in part. Respondents are directed to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or release Petitioner. Respondents shall certify compliance with this order.

IT IS SO ORDERED this 27th day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE